IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WAYNE A. COLE,**

       **Petitioner,**

v.                                        **Case No. 1:21-cv-00318**

**BRADLEY M. TRATE, Warden,**[1]

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Wayne Cole, (ECF No. 1), and Respondent's response, seeking dismissal of the petition, (ECF No. 6). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner has not exhausted his administrative remedies concerning the claim raised in his petition.

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell in Welch, West Virginia when he filed the instant petition, and he named as Respondent the warden of that facility. Since that time, Petitioner was transferred to Federal Correctional Institution McKean in Lewis Run, Pennsylvania where he is presently in custody and projected to be released on March 7, 2023. *See* Register Number: 58270-060, Federal Bureau of Prisons ("BOP") Inmate Locator, available at https://www.bop.gov/inmateloc (last accessed March 29, 2022). Pursuant to Federal Rule of Civil Procedure 25(d), the warden of the facility in which he is in custody is substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the Court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990)).

1

Therefore, the undersigned **RECOMMENDS** that his § 2241 petition be **DENIED;** Respondent's motion to dismiss be **GRANTED;** and this matter be **DISMISSED, without prejudice,** from the docket of the Court.

I.     **Relevant Factual and Procedural Background**

On May 22, 2012, Petitioner was arrested by Ohio state authorities for burglary and theft following a string of burglaries in which Petitioner and his co-defendants robbed private residences of various items, including weapons. Petitioner was subsequently indicted in federal court on charges related to the firearms that he stole during the commission of his state crimes. (ECF No. 6-1 at 2, 6, 40, 58). On August 17, 2012, federal authorities borrowed Petitioner on a writ of habeas corpus *ad prosequendum* to answer the federal charges. (*Id*. at 2, 15, 40). On January 7, 2013, the United States District Court for the Northern District of Ohio (hereinafter the "federal sentencing court") sentenced Petitioner to 79 months in prison for possession of a stolen firearm and for being a felon in possession of a firearm. (*Id*.). Federal authorities returned Petitioner to state custody on January 9, 2013, and the state court sentenced him to 60 months of imprisonment for his state crimes on January 22, 2013. (*Id*. at 2-3, 8-9). The state court's judgment instructed that Petitioner's state sentence was to run concurrently with his federal sentence. (*Id*).

Around September 2015, while Petitioner was still in state custody, he submitted a request to the BOP, asking to serve his federal sentence concurrently with his state sentence. (*Id*. at 35). The BOP construed his inquiry as a request for a *nunc pro tunc* designation, meaning that the BOP could designate the state penal institution as the place of service for Petitioner's federal sentence so that he could serve the state and federal sentences concurrently. The BOP contacted the federal sentencing court by letter on

September 10, 2015 to ascertain the court's position on a *nunc pro tunc* designation, but the sentencing court did not respond. (*Id.* at 35-36, 38). The BOP completed the 18 U.S.C. § 3621(b) Factors Worksheet on November 9, 2015 and denied Petitioner's request the following day. (ECF Nos. 2 at 15-16, 6-1 at 38). In the denial letter dated November 10, 2015, the BOP stated that 18 U.S.C. § 3585(b) prohibited credit toward Petitioner's federal sentence for the time that he served in state custody because that period of time was credited toward his state sentence. (ECF No. 2 at 15). However, the BOP explained that, as a result of the decision in *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990), the BOP considered Petitioner's request for prior custody credit as a request for a *nunc pro tunc* or retroactive designation. (ECF No. 2 at 15). The BOP noted that a *nunc pro tunc* designation was only made when it was consistent with the goals of the criminal justice system. (*Id.*).

As stated in the above letter, the BOP determined that a *nunc pro tunc* designation was not appropriate because of three § 3621(b) factors. (*Id.* at 15-16). First, regarding the nature and circumstances of the offenses, the BOP cited that Petitioner's federal offenses were possession of stolen firearms and felon-in-possession of a firearm, and his state offenses were burglary and theft, which the BOP determined weighed against granting a *nunc pro tunc* designation. (*Id.* at 15). Second, the BOP concluded that Petitioner's criminal history did not favor a *nunc pro tunc* designation. (*Id.*). Third, the BOP considered that the federal judgment was silent as to whether the sentence should run consecutively or concurrently to any other sentence, and under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times were consecutive unless the sentencing court specified otherwise. (*Id.*). The BOP explained that it nevertheless contacted the federal sentencing court regarding its position on a retroactive designation,

3

but the court had not yet provided a recommendation. (*Id.* at 16). Based on those factors, the BOP denied Petitioner's request for a *nunc pro tunc* designation. (*Id.*).

After completing his state sentence, Petitioner was taken into federal custody to begin serving his federal sentence on May 19, 2017. (ECF No. 6-1 at 3, 23). Petitioner submitted an administrative remedy request to the BOP on November 20, 2019 again seeking a *nunc pro tunc* designation. (ECF No. 2 at 17). However, the warden rejected the request because Petitioner did not attach documentation showing that he attempted to informally resolve the issue, as required by law. (ECF No. 6-1 at 3, 33). Petitioner did not re-file the administrative remedy request or administratively appeal the warden's rejection of it. (*Id.*).

On March 17, 2020, Petitioner filed in the federal sentencing court a motion to amend judgment. (ECF No. 6-1 at 47-55). He sought an amended judgment reflecting that his federal sentence was to run concurrently to his now discharged state sentence. (*Id.*). The government opposed the motion, stating on April 10, 2020 that the federal sentencing court did not have jurisdiction to grant such relief under 18 U.S.C. § 3585(b), because Petitioner received credit toward his state sentence for the time that he served in state custody, and it would amount to "double credit, a windfall if you will," to enter a *nunc pro tunc* designation. (*Id.* at 60). The federal sentencing court agreed with the government's position and ruled on August 27, 2020 that Petitioner's request to amend his judgment was expressly prohibited by 18 U.S.C. § 3585(b) because he already received credit toward his state sentence for the time that he spent in state custody, and he could not also receive federal credit for that same time period. (*Id.* at 44-45).

Petitioner filed the instant § 2241 petition in this Court on May 25, 2021 while he was incarcerated in this judicial district. (ECF Nos. 1, 2). He asks the Court to order the

4

BOP to grant him a *nunc pro tunc* designation. (*Id.* at 7). Respondent filed a response in opposition to the habeas petition, seeking dismissal of the petition on the grounds that Petitioner has not exhausted his administrative remedies and is not entitled to a retroactive designation. (ECF No. 6). In reply, Petitioner points out that his co-defendant, Michael Keeton, was granted a *nunc pro tunc* designation, and it would be a "manifest injustice" to deny him the same relief. (ECF No. 8 at 2).

## II. Discussion

The decision of whether a federal sentence is concurrent or consecutive to any other state or federal sentences is determined by the federal sentencing court in consideration of the 18 U.S.C. § 3553(a) factors. *United States v. Lynn*, 912 F.3d 212, 216–17 (4th Cir. 2019) (citing 18 U.S.C. § 3584(b)). Although the federal sentencing court determines whether the sentence is concurrent or consecutive, the analysis does not end there because the BOP is vested with the broad authority under 18 U.S.C. § 3621(b) to designate as the place of a prisoner's imprisonment "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable." In making such designation, the BOP considers five enumerated factors, including:

>  (1) the resources of the facility contemplated;
> 
>  (2) the nature and circumstances of the offense;
> 
>  (3) the history and characteristics of the prisoner;
> 
>  (4) any Statement by the court that imposed the sentence --
> 
>>  (A) concerning the purposes for which the sentence to

> imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy Statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In the typical scenario, when a person who is serving a state sentence receives a federal sentence, and the federal sentencing judge recommends that the federal sentence be served concurrently with the state sentence, the BOP can designate the state institution in which the person is incarcerated as the place to serve the federal sentence. Sometimes, the BOP does not make such designation until the person completes the state sentence and is taken into federal custody to serve his or her undischarged federal sentence. In that case, the BOP makes a *nunc pro tunc* designation and the person is effectively given credit toward the federal sentence for the time that the person previously spent in state custody since the federal judgment was imposed. *Setser v. United States*, 566 U.S. 231, 235 (2012). "The BOP has broad discretion in determining whether to grant or deny a prisoner's *nunc pro tunc* designation request, and courts review those determinations for abuse of discretion." *Taylor v. O'Brien*, No. 5:15CV136, 2016 WL 5239600, at *4 (N.D.W. Va. Sept. 22, 2016) (citing *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998)).

Historically, a primary consideration in the BOP's evaluation of a *nunc pro tunc* request has been the federal sentencing judge's statements, or silence, regarding whether he or she intended for the petitioner's federal sentence to be served concurrently with the state sentence. *Brown v. Tatum*, No. 1:16-CV-05307, 2018 WL 1614093, at *5 (S.D.W. Va. Feb. 26, 2018), *report and recommendation adopted,* 2018 WL 1611599 (S.D.W. Va. Apr. 2, 2018). However, more recently, the United States Court of Appeals for the Fourth

Circuit emphasized that the BOP should also consider a state court's desire for concurrent sentences when evaluating a *nunc pro tunc* request, particularly when the federal sentencing court's opinion is unknown or irrelevant, including when the court did not respond to the BOP's inquiry concerning a *nunc pro tunc* designation. *Alicea v. Saad*, 761 Fed. Appx. 168, 171 (4th Cir. 2019) (remanding for BOP to consider state court's desire for concurrent sentence).

### *A. Exhaustion*

Respondent contends that the Court should dismiss the petition because Petitioner did not exhaust his administrative remedies concerning his *nunc pro tunc* request. Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). Exhaustion promotes numerous objectives, including avoiding premature interruption of the administrative process, allowing the agency to develop the necessary factual background upon which decisions should be based, permitting the agency to exercise its discretion or apply its expertise, improving the efficiency of the administrative process, conserving scarce judicial resources, giving the agency a chance to discover and correct its own errors, and avoiding the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Sites v. Warden, FCI Hazelton*, No. 5:21-CV-184, 2022 WL 706959, at *1 (N.D.W. Va. Feb. 15, 2022), *report and recommendation adopted,* 2022 WL 698061 (N.D.W. Va. Mar. 8, 2022) (citation omitted).

The BOP's Administrative Remedy Program outlined in 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

The court may waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action No. RDB–10–671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010). However, "in the absence of exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent [...] courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (citations and marking omitted). "While habeas corpus is "always available to safeguard the fundamental rights of persons wrongly incarcerated, it is the avenue of last resort." *Id.*

Here, the record clearly demonstrates that Petitioner did not exhaust his administrative remedies through the BOP regarding his request for a *nunc pro tunc*

8

designation. Petitioner asserts that he exhausted his administrative remedies because the warden rejected his administrative remedy request. (ECF Nos. 1 at 3, 2 at 17, 8 at 2). However, as specified above, Petitioner was first required to present his concern informally to a BOP staff member. 28 C.F.R. § 542.13. The warden rejected his administrative remedy request because he did not offer proof of that step. (ECF No. 2 at 17). In addition, BOP regulations mandate that Petitioner appeal any denial of his administrative remedy request, and he does not contend, nor is there any evidence, that he did so. 28 C.F.R. § 542.15; (ECF Nos. 1 at 3, 2 at 17, 8 at 2).

Petitioner argues that, if the Court finds that he did not exhaust his administrative remedies, it should excuse his failure to exhaust because it would add six months to his sentence, and he should have been released in December 2018 if granted a *nunc pro tunc* designation. However, exhaustion is not waived simply because Petitioner believes that the length of the administrative process would preclude him from receiving full relief. *Hughes v. Coakley*, No. 5:15-CV-08088, 2016 WL 744941, at *3 (S.D.W. Va. Feb. 3, 2016), *report and recommendation adopted*, No. 5:15-CV-08088, 2016 WL 742121 (S.D.W. Va. Feb. 24, 2016); *Ferguson v. Saad*, No. 1:18-CV-00394, 2019 WL 1410892, at *1 (S.D.W. Va. Mar. 28, 2019). Indeed, granting review of inmate release claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims." *Garrison v. Stansberry*, No. 2:08-CV-522, 2009 WL 1160115, * 3 n. 2 (E.D. Va. Apr. 29, 2009).

In addition, Petitioner must exhaust his administrative remedies even if he believes that the BOP will deny his request. If prisoners could circumvent the administrative process because it might prove unsuccessful, it would swallow the

9

exhaustion requirement entirely. *See, e.g., Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (quoting *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990)) ("Unless the agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion," and "allowing a petitioner to avoid the administrative process based on a mere conclusory assertion 'would allow the futility exception to swallow the exhaustion.'"); *Sites v. Warden, FCI Hazelton*, No. 5:21-CV-184, 2022 WL 706959, at *1 (N.D.W. Va. Feb. 15, 2022), *report and recommendation adopted,* No. 5:21-CV-184, 2022 WL 698061 (N.D.W. Va. Mar. 8, 2022) ("However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion.").

This Court previously considered an analogous scenario in *Brown v. United States*, No. 2:09-cv-00172, 2010 WL 4064808, at *1 (S.D.W. Va. Oct. 15, 2010). Like Petitioner, Brown was arrested on state charges and borrowed on writs of habeas corpus *ad prosequendum* to answer a federal indictment. *Id.* The federal court sentenced Brown and returned him to state custody. *Id.* Brown had not yet been convicted of the state charges at the time of his federal sentencing. *Id.* Thus, the federal judgment order was silent as to whether the federal sentence was concurrent or consecutive to any possible state sentence. *Id.* The subsequent state judgment indicated that the sentence was concurrent to Brown's federal sentence. *Id.* Despite that pronouncement, the state did not relinquish primary jurisdiction, and Brown served the entirety of his state sentence before he was surrendered to the BOP. *Id.* He argued that the time that he served in state custody should be credited toward his federal sentence, which the BOP construed as a request for a *nunc*

10

*pro tunc* designation. *Id.* at *2. The BOP contacted the federal court, which responded that it was not its intention for the federal sentence to run concurrent with any impending state sentence, and it recommended that the federal sentence run consecutive to the state term. *Id.* The BOP completed the 18 U.S.C. § 3621(b) worksheet and denied Brown's request for a *nunc pro tunc* designation. *Id.* Brown did not administratively appeal the BOP's decision. *Id.* He instead filed a § 2241 petition seeking relief. *Id.* The Court determined, over Brown's objection, that it could not consider the merits of his claim until he exhausted his administrative remedies, and it dismissed his petition without prejudice. *Id.*

The same reasoning applies in this case. Petitioner must exhaust his administrative remedies regarding his *nunc pro tunc* request to allow the BOP to address his claim and develop a proper record for the Court to evaluate should the BOP deny him relief. Petitioner does not assert any facts to indicate that exhaustion would be futile, the actions of the agency clearly and unambiguously violated statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm. *Wright*, 2010 WL 1258181, at * 1 (D. Md. Mar. 24, 2010). Therefore, the undersigned **FINDS** that Petitioner did not exhaust his administrative remedies on the issue presented in his § 2241 petition, and the exhaustion requirement should not be excused. Consequently, the undersigned **RECOMMENDS** that the petition be dismissed without prejudice.

### B. Nunc Pro Tunc Designation

Respondent further argues that Petitioner is not entitled to a *nunc pro tunc* designation, and the undersigned briefly addresses such argument. Petitioner contends that it would be a "manifest injustice" to deny him a *nunc pro tunc* designation because

the federal sentencing court granted that relief to his co-defendant. (ECF No. 8 at 2); *see United States v. Keeton*, No. 1:12-cr-372 (N.D. Ohio Apr. 5, 2019), ECF No. 64 (granting motion to amend judgment to reflect *nunc pro tunc* designation). However, to the extent that Petitioner challenges the federal sentencing court's denial of his motion to amend his judgment, despite granting that relief to his co-defendant, that matter must be addressed in the appropriate jurisdiction, such as in the federal sentencing court or court of appeals. This Court has no authority to amend Petitioner's judgment. The sole issue in this case is whether the BOP complied with the law in evaluating Petitioner's request for a *nunc pro tunc* designation. For the reasons discussed above, this Court cannot rule on that claim because Petitioner failed to exhaust his administrative remedies.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings contained herein and **RECOMMENDS** that Petitioner's § 2241 petition, (ECF No. 1), be **DENIED** for failure to exhaust administrative remedies; Respondent's motion to dismiss, (ECF No. 6), be **GRANTED**; and Petitioner's claim be **DISMISSED, without prejudice,** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: April 14, 2022

Cheryl A. Eifert
United States Magistrate Judge